272 So.2d 619

Rogers CARSON, Jr.

v.

STATE.

I Div. 278.

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

Donald E. Brutkiewicz, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Claud D. Neilson, Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

The appellant was convicted of robbery and sentenced to ten years imprisonment, from which judgment of the court he appeals.

■ At the conclusion of the testimony offered by the State, the appellant moved to exclude the evidence on the grounds that the money alleged to have been taken in the robbery was not described in the indictment as currency of the United States. The motion was overruled by the court. There was no error in the action of the court in this respect. Harris v. State, 44 Ala.App. 449, 212 So.2d 695.

■ The appellant argues that it was error to allow the introduction of State's Exhibit No. 7 in evidence, which was a photograph of appellant shown by police officers to several State's witnesses who identified appellant as being one of the persons involved in the robbery. These witnesses later made in-court identification and also identified appellant from a lineup. No evidence was offered of any previous conviction of appellant, except by him, of a minor traffic violation and the introduction of the picture did not violate the rule against proving other offenses committed by appellant.

■ The appellant's defense was an alibi, with him denying guilt and introducing evidence that he was not at the place of the robbery at the time claimed by the State but at a night club, some distance away. In our opinion the exhibit in question tended to shed some light on identification by the State's witnesses, a material issue in the case. There was no error in the ruling of the court in this respect. Stallings v. State, 249 Ala. 1, 32 So.2d 233; Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

■■ Counsel in argument to the jury have the inherent right to comment on the evidence and the reasonable inferences to be drawn therefrom. The trial court had the duty to instruct the jury as to the law of the case and it is the duty of the jury to receive this instruction from the court alone. However, the court in its discretion, may allow counsel to read from court decisions or other legal authorities in the presence of the jury. A refusal to allow counsel to discuss or read the laws in the

presence of the jury is revisible only for abuse of discretion by the trial court. We find no error in this action of the court. Higginbotham v. State, 262 Ala. 236, 78 So.2d 637; Alabama Digest, Criminal Law, ☞717.

Many objections were interposed by counsel for the State and appellant, often accompanied by bickering and side remarks made to each other. We find no reversible error in any of the rulings of the court on the admission of evidence, although many objections were highly technical and the court in its discretion might have ruled differently without substantial injury to the rights of the parties.

The record shows that at one point just after certain testimony of a witness for appellant, the mother of appellant, who was not a witness, got up and left the courtroom. The prosecuting attorney immediately addressed himself to the court as follows:

> "MR. GRADDICK: Judge, I'm going to object. This lady's going out here talking to the witnesses. I was waiting for her to get up and go out there and tell them to come in here and say that he was there at 9:15. I looked back there and I intentionally did it. She got up and tiptoed out of here. I'm tired of people lying.

> "THE COURT: All right; officer, go get the lady that was here; I think she's the grandmother of these boys."

It developed she had gone into a ladies restroom where she and her daughter-in-law were when the officer sent by the court found her and brought her back into court. She denied any conversation about the testimony.

■ The appellant moved for a mistrial, which motion was overruled by the court after instructing the jury not to let the incident influence them in reaching a verdict and polling the jury individually as to

whether they could exclude from their minds the whole incident and receiving an affirmative reply from each. In view of the court's prompt action in instructing and polling the jury, we cannot say there was any abuse of discretion by the trial court in denying appellant's motion for a mistrial. See numerous cases cited in Alabama Digest, Criminal Law, ☞730(1).

The attorney for the appellant complains that the trial judge "bantered" with him relative to his reluctance to state the grounds of his objection to Exhibit No. 7, in the presence of the jury, which objection had therefore been stated on voir dire examination of the witness outside the presence of the jury and the court apologized to the jury for the "ridiculous ramifications," apparently of the attorneys in their efforts to present the case to the jury. It appears that the court had reference to counsel for both sides in his statement to the jury with regard to the ridiculous ramifications.

■■ After a careful review of the evidence set out in the transcript, with regard to the complaint of the attorney for the appellant, we are not persuaded that the substantial rights of the appellant were prejudiced. As heretofore suggested in this opinion, the transcript is replete with argument between counsel, almost innumerable objections, many of a technical nature, and at times argument with the court in regard to his rulings. It is fundamental in our procedure that the court must necessarily be vested with discretion in the conduct of the trial and unless it clearly appears that there has been an abuse of discretion by the trial court, the appellate courts will not interfere, but will presume that the trial court accorded a fair and impartial trial to all litigants. In view of the circumstances surrounding the trial of this case, heretofore referred to, we are not persuaded that the alleged injurious language addressed by the court to the jury or counsel was of such character as to

prejudice the substantial rights of appellant. See cases cited in Alabama Digest, Criminal Law, 6A, ☞655(5), 1144(10), 1152(1).

The court refused appellant's requested written charges numbered 1, 3, 4, 7, 9, 10, 11, 12, 13, 14 and 15 and gave charges numbered 2, 5, 6 and 8.

Refused charges 1, 9, 10 and 11 deal with the law of presumption of innocence and the measure of proof required of the State. The principles set out in these charges were covered by the very adequate oral charge and the given charges. No error appears in their refusal. Code of Alabama, 1940, recompiled 1958, Tit. 7, § 773; Brooks v. State, 248 Ala. 628, 29 So.2d 4.

Refused charge 3, that the indictment was not to be considered as evidence, etc., was fully covered by the oral charge; as was charge 12, 13, 14 and 15 and there was no error in the court's action. Authorities, supra.

Refused charges 7 and 4 with regard to alibi and the burden of proof were covered in principle by given charge 6 and there was no error in this respect. Authorities, supra.

We have searched the record for error and finding none of a reversible nature, the judgment in this cause is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended. His opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.