Robbery; sentence: thirty-five years imprisonment.
Around 9:00 p.m. on December 21, 1978, the appellant and another entered the Quick Service Beverage Store in Madison and robbed it of approximately $500. During the commission of the crime, the appellant shot and wounded the attendant, Mark Bailey, in the leg. The appellant, after being informed by friends that the police were looking for him, voluntarily entered the Huntsville Police Department wherein he was arrested.
 I
Appellant contends that the trial court erred to reversal in denying him the opportunity of a voir dire examination of a State's witness. He asserts that denial of such prevented him from illustrating the impermissibly suggestive nature of a photographic array shown to the victim.
During the direct examination of the victim, appellant's counsel requested and was granted an in camera examination of the witness to ascertain whether he had an independent source of information from which to identify the appellant other than the photographic array. Upon completing that examination, counsel further requested that he be allowed to take a prospective State's witness, Madison Police Detective Eugene Marsh, on voir dire. The trial court denied the request indicating that it would be more appropriate at that point in the trial when Detective Marsh would be called as a witness.
A trial court is not obliged to take witnesses out of turn merely because opposing counsel wants to examine them on voir dire at counsel's convenience. The trial judge is vested with discretion in the conduct of a trial, and appellate courts will not interfere unless there has been a clear abuse of that discretion. Townsell v. State, 255 Ala. 495, 52 So.2d 186
(1951); Carson v. State, 49 Ala. App. 413, 272 So.2d 619 (1973). The trial judge has a duty to move the testimony expeditiously along. Gulley v. State, Ala.Cr.App., 342 So.2d 1362 (1977). Here, the trial court allowed the appellant's counsel to take one witness on voir dire examination. It was certainly not an abuse of the trial court's discretion to refuse to allow the defense counsel to additionally call a prospective State's witness out of turn for another voir dire examination. See:Wilbanks v. State, 289 Ala. 166, 266 So.2d 619 (1970);Holifield v. State, Ala.Cr.App., 347 So.2d 559, cert. denied, Ala., 347 So.2d 561 (1977); Sims v. State, 51 Ala. App. 183,283 So.2d 635 (1973).
 II
Appellant contends that the victim's in-court identification had been tainted by an impermissibly suggestive photographic array. We note at the outset that the appellant made no motion to suppress the array, nor raised any objection to its introduction into evidence. Only after such was received into evidence and testimony relating to it was taken did the appellant through his motion to exclude the State's evidence raise this contention. At that point his objection came too late in order to preserve any error on appeal. Objections to the introduction of evidence must be made at the time the evidence is offered. Beckley v. State, Ala.Cr.App.,353 So.2d 542 (1977). See also: Smith v. State, Ala.Cr.App.,344 So.2d 1239, cert. denied, Ala., 344 So.2d 1243 (1977); Slinker v.State, Ala.Cr.App., 344 So.2d 1264 (1977).
Nevertheless, we have reviewed the photographic array and the testimony of both the victim and Detective Marsh and find nothing impermissibly suggestive so as to taint the in-court identification. That array (only a portion of which was shown to the victim) was composed of photographs of similar quality, size, detail and clarity. All persons depicted were of the same race. No outstanding or peculiar features of the *Page 871 
appellant are highlighted. Only that portion of the array shown to the victim was introduced into evidence as the remaining photographs were directed toward another suspect which the victim could not identify. No error resulted. Neil v. Biggers,409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Jackson v.State, Ala.Cr.App., 361 So.2d 1152 (1977); Childers v. State, Ala.Cr.App., 339 So.2d 597, cert. denied, Ala., 339 So.2d 601
(1976).
We note that the appellant's argument in brief directs itself not to the suggestiveness of the photographic array, but rather to the victim's inability to initially make a positive identification of him. Such an argument goes to the weight and credibility of the witness' testimony, which is a question for the jury to decide, not a matter for appellate review.
AFFIRMED.
All the Judges concur.