The defendant was indicted and convicted for robbery. Sentence was twenty-five years' imprisonment.
The State's evidence shows that on September 7, 1979, the defendant, armed with a .22 caliber pistol, and another male robbed the cashier at Hardee's restaurant in North Birmingham. During the course of this robbery, the defendant also robbed Ronald Lee who was visiting an employee in the restaurant.
Three issues are presented on appeal.
 I
Initially, the defendant alleges that the trial judge abused his discretion by not granting his request to invoke "the rule" prior to and during the voir dire of the jury.
After the jury venire had been qualified and identified, it was determined, upon the suggestion of defense counsel, that a witness the State was going to call was present in the courtroom. Defense counsel requested that this witness be "excluded while we are asking questions of the jury." The trial judge overruled defense counsel's motion "at this time." The record does not reflect that any other request was made to place the witnesses "under the rule."
Considering the purpose behind "the rule" we find that the trial judge was well within the exercise of his discretion in denying the defendant's motion.
 "The purpose to be served in putting witnesses `under the rule' is that they may not be able to strengthen or color their own testimony, to testify to greater advantage in line with their bias or to have their memories refreshed, sometimes unduly, by hearing the testimony of other witnesses." C. Gamble, McElroy's Alabama Evidence, Section 286.01 (3rd ed. 1977) and cases cited at n. 2.
This case is more akin to the situation present in Wilson v.State, 52 Ala. 299 (1875), than the usual situation where it is discovered, after the rule has been invoked, that a witness has, intentionally or by mistake, remained in the courtroom in violation of the rule. In Wilson, our Supreme Court held that "the rule does not contemplate the exclusion of a witness because he may have heard the reading of the indictment or other pleadings in the cause." Wilson, 52 Ala. at 304.
 II
The defendant alleges that reversible error was committed with the admission into evidence of photographs used in a photographic lineup prior to the defendant's arrest.
A witness may corroborate his in-court identification of the accused by evidence of an earlier out-of-court identificationto rebut an inference raised on cross examination that his identification was mistaken or contrived. Carlisle v. State,371 So.2d 975, 977-8 (Ala.Cr.App. 1979). For this reason, we find no error in the action of the trial court in allowing witness Ronald Lee and Sergeant Johnny C. Ferrell to testify that Lee did identify the defendant in a photographic lineup. See McElroy, Section 177.02 (b).
At trial, the court admitted into evidence, over the defendant's objections, six photographs which Sergeant Ferrell had exhibited to Mr. Lee shortly after the robbery. One photograph was of the defendant. The photographs were offered in evidence in order to verify the prior out-of-couut identification of the defendant which Lee had made and to strengthen and corroborate Lee's testimony and in-court identification. Where the defense is alibi, the identification of the defendant by State's witnesses is a material issue in the case and a photograph of the defendant shown by the police to these witnesses who identified the defendant is admissible in evidence. Carson v. State, 49 Ala. App. 413, 415,272 So.2d 619 (1973). *Page 487 
The photographs in this case cannot be characterized as typical police "mug shots". Each photograph depicts only a profile view of the suspect; there are no full-face and profile views, side by side. No photograph bears any number or legend on its face. Shiflett v. State, 52 Ala. App. 476, 480,294 So.2d 444 (1973), cert. denied, 292 Ala. 749, 294 So.2d 448 (1974). The pictures in this case are not as offensive as that "rather innocuous" photograph in Williamson v. State, 384 So.2d 1224,1231 (Ala.Cr.App. 1980), which consisted of merely a frontal view of the defendant standing before a height chart. Apparently, the photographs here involved had been "doctored" in a very unsuggestive manner so that no prejudicial words and numbers appeared on any picture.
However, on the back of all the photographs there is at least a first name. On some there is a last name or a portion thereof. On the back of two photographs appear the initials "VUACS"; on another, "VSF"; and on still another "Rob" with what we could assume to be the remaining letters running off the photograph. On the back of the defendant's photograph there only appear his name and the date he was identified by witness Lee, both notations having been made by Lee at the time of the identification.
The fundamental reason why "mug shots" of a defendant are inadmissible in a criminal trial is, of course, because they tend to apprise the jury of the fact that the defendant has been in some sort of trouble with the police before, thereby reflecting unfavorably upon the character of the accused. This violates the rule that the prosecution cannot, in its evidence in chief, introduce evidence tending to show the bad character and reputation of the accused for the purpose of inducing belief in his guilt or showing his tendency or disposition to commit the crime with which he is charged, unless the accused first introduces evidence of his good character or reputation. Anno. 30 A.L.R.3d 908 (1970).
Clearly, it is error to admit a photograph of the defendant which on its face discloses past incarceration, arrest, or conviction. 30 A.L.R.3d at 914. The prosecutors and trial judges of this state have repeatedly been cautioned against the use of mug shots at trial. Carlisle, 371 So.2d at 978; Holsclawv. State, 364 So.2d 378, 381 (Ala.Cr.App.), cert. denied,364 So.2d 382 (Ala. 1978). However, we do not consider mere photographs used by the police in apprehending the defendant, as those in this case, to be subject to the same objections as are mug shots, simply because the police had the defendant's photograph in their possession before his arrest or capture.Carson, supra. Mere evidence of the use and possession of the defendant's photograph by the police prior to the defendant's apprehension does not convey to the jury the same offensive and prejudicial connotations which are present in the introduction of a mug shot.[1]
Further, argument can be made that the admission of the photographs constituted harmless error, United States v.Rixner, 548 F.2d 1224 (5th Cir.), cert. denied, 431 U.S. 932,97 S.Ct. 2639, 53 L.Ed.2d 248 (1977), because of the subsequent admission of other evidence revealing that the defendant had been in jail.
In weighing any possible prejudice that may have resulted to the defendant from the State's use of the photographs, we must examine the entire record. The defendant was positively identified by three witnesses as being one of the robbers. During the prosecutor's cross examination of the defendant's friend and alibi witness, Shirley Beverly, the following occurred:
 "Q. How long have you known this defendant, Tommy Gross? How long have you known him?
 "A. Well, I have known him ever since he has got out of jail.
"MR. GRAND (Defense Counsel): I object. *Page 488 
"THE COURT: Well, it was responsive."
Defense counsel made no further objection and requested no motion to exclude. In Willingham v. State, 261 Ala. 454, 458,74 So.2d 241 (1954), our Supreme Court observed: "Where the question does not manifestly call for incompetent testimony but the answer itself discloses the incompetency, the remedy is by a motion to exclude." See also Wilkinson v. Duncan, 294 Ala. 509,512, 319 So.2d 253 (1975); Hamilton v. State,358 So.2d 766, 772 (Ala.Cr.App.), cert. quashed, 358 So.2d 772 (Ala. 1977). Since defense counsel did not move to exclude the witness's response, it was properly before the jury. Therefore, because the jury knew that the defendant had been in jail before the crime charged, his main objection to the admission of the photographs — that they would inform the jury that the defendant "must have had a record or they wouldn't have had his picture on file at the police department" — lost its potency.
We have carefully examined the circumstances of this particular case, and find that the admission of the photographs was not error or antagonistic to the principles announced inUnited States v. Harrington, 490 F.2d 487 (2nd Cir. 1973), and applied in Williamson, supra and Holsclaw, supra. Moreover, even if error were committed, we find it to have been harmless under the subsequent admission of testimony showing that the defendant had been in jail.
 III
The defendant argues that the assistant district attorney was improperly allowed to argue as a fact that which was not supported by any evidence.
 A
The first instance of alleged error occurred during the prosecutor's redirect examination of State's witness Ronald Lee.
 "Q. Now Mr. Grand ask(ed) you about the scar on his (the defendant's) face that started from above his eye and runs down to his neck. As you are looking at him over there —
 "MR. GRAND (Defense Counsel): I object, your Honor. I never said it ran to his neck.
"THE COURT: All right.
 "MR. VALESKA (Assistant District Attorney): Judge, the neck was mentioned.
"MR. GRAND: I never said the neck, I said the chin.
 "MR. VALESKA: Let the record reflect he mentioned the neck.
 "THE COURT: Well, go ahead and rephrase your question."
It appears that either the trial judge failed to rule on defense counsel's objection or that the judge ruled in the defendant's favor. At any rate, absent an adverse ruling the issue the objection sought to raise is not before this court for review. Espey v. State, 270 Ala. 669, 120 So.2d 904 (1960);Van Antwerp v. State, 358 So.2d 782, 790 (Ala.Cr.App.), cert. denied, 358 So.2d 791 (Ala. 1978). The "use of the term `all right' has been condemned for the purpose of indicating a ruling, . . ." Shelby v. State, 340 So.2d 847, 848
(Ala.Cr.App.), cert. denied, 340 So.2d 849 (Ala. 1976).
 B
The second group of allegedly improper arguments of the prosecutor argued on appeal cannot serve as a basis for reversal for the same reasons as the first. From the record, it does not appear that defense counsel obtained an adverse ruling upon either of his objections.
The first instance of alleged error occurred when the prosecutor was cross examining a defense witness about a statement the witness gave to an attorney who represented the defendant prior to trial. The prosecutor was evidently using the attorney's notes of that interview.
 "MR. GRAND: Your Honor, I am going to object to that, that is not a statement, that is Mr. Jaffe's notes."
"THE COURT: All right.
 "MR. GRAND: There is nowhere on there that it says a statement —
"THE COURT: Well, I will sustain."
* * * * * * *Page 489 
 "THE COURT: Well, I am going to sustain. Mr. Jaffe is not here either and I am going to sustain."
The second instance occurred during the prosecutor's closing argument.
 "MR. VALESKA: Let's go back to Mrs. Beverly. She took that stand and the statement she gave Richard Jaffe, defense lawyer for that defendant at that time; she told you on direct examination that they stayed there all day.
 "MR. GRAND: Your Honor, I would object to the fact that — I submitted at the time and I submit now that those are strictly notes, not any indication of a statement she may have made to anybody.
"THE COURT: All right."
Upon these rulings, this Court has nothing to review.
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.
[1] In Barnes v. United States, 124 U.S.App.D.C. 318,365 F.2d 509, 512 (1966), the Court noted that "the testimony that the police had on hand photographs of the accused might conceivably have led a juror, at least a sophisticated juror, to hypothesize that the accused had a police record."