**DISTRICT OF COLUMBIA, Appellant,**

v.

**Carlos O. CRUZ, Appellee.**

**No. 02–CT–1347.**

District of Columbia Court of Appeals.

Submitted June 25, 2003.

Decided July 10, 2003.

Arabella W. Teal, Interim Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, Rosalyn Calbert Groce, Supervisory Corporation Counsel, and Sidney R. Bixler, Assistant Corporation Counsel, filed a brief for appellant.

Patricio Aranda Coddou filed a brief for appellee.

Before SCHWELB, FARRELL and WASHINGTON, Associate Judges.

WASHINGTON, Associate Judge:

The District of Columbia appeals a decision by the trial court to dismiss a case with prejudice when the District failed to respond to the court's introductory inquiry as to whether the District was ready to proceed with the trial. Concluding that the court abused its discretion in dismissing with prejudice, we reverse.

## I.

Carlos O. Cruz was arrested on September 24, 2002 and charged with operating a motor vehicle without a permit, in violation of D.C.Code § 40–301(d) (1998), currently § 50–1401.01(d) (2001), and operating a motor vehicle after revocation, in violation of D.C.Code § 40–302(e) (1998), currently § 50–1403.01(e) (2001). The trial date was set for November 11, 2002. The entire proceeding on that date consisted of the following:

The Court: Good morning to both of you. This matter is set for trial. Is the government ready?

(pause)

The Court: All right. This matter is dismissed.

The Government: Thank you, Your Honor.

Defense Counsel: Thank you, Your Honor.

The Court: with prejudice

\* \* \* \*

The Government: Your Honor, I would object to that. It's my understanding that Court doesn't have authority to dismiss a case–

The Court: You can file whatever applicable–

The Government: with prejudice

The Court: motions you deem necessary. Thank you.

The Government: Pardon?

The Court: You can file whatever motion you deem necessary.

The Government: Thank you, Your Honor.

## II.

■■ Generally, this court reviews a trial court's decision to dismiss a case for want of prosecution under a discretionary standard. *Cf. Smith v. Fairfax Vill. Condo.*, 775 A.2d 1085, 1094 (D.C.2001) ("failure to prosecute or to comply with these Rules or any order of Court" pursuant to Super. Ct. Civ. R. 41 is reviewed under an abuse of discretion standard). In this case, the trial court did not indicate its reasons for dismissing the case with prejudice. However, based on the context of the exchange it is reasonable to assume that the trial court's actions were based on its conclusion that the government was unprepared for trial. Under Super. Ct. Crim. R. 48(b): [1]

> a court has inherent authority to dismiss for want of prosecution. However, there are limitations on this authority to dismiss for want of prosecution: Such authority may not be exercised in an "arbitrary, fanciful, or clearly unreasonable" manner, and the court may dismiss *with prejudice* for want of prosecution *only* when it [has] conclud[ed] that the defendant's constitutional right to a speedy trial has been violated.

*United States v. Mack*, 298 A.2d 509, 510 (D.C.1972) (emphasis in original; internal citations omitted). *See also United States v. Cummings*, 301 A.2d 229, 230 (D.C.1973) ("a dismissal with prejudice under Super. Ct.Crim. R. 48(b) must be for valid reasons reflecting a denial of speedy trial. In so doing, the trial court judge must make an informed and carefully balanced judgment based on factors relevant to that constitutional right"); *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Marion*, 404 U.S.

307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

As the record demonstrates, there was no assertion of a speedy trial violation by the defendant at the trial. Appellee contends that the duty attorneys assigned in Traffic Branch of the Criminal Division of the D.C. Superior Court generally assert the constitutional rights of defendants at arraignment hearings and that this assertion qualifies for purposes of the speedy trial violation balancing test. Clearly, however, if such a generalized assertion of all constitutional rights were sufficient, this prong of the test would be meaningless. Instead a defendant must make a specific assertion of a speedy trial violation, *see Barker*, 407 U.S. at 531–32, 92 S.Ct. 2182, which was not done in this case.

■■ Finally, the only prejudice that appellee claims to support a speedy trial violation is that he suffered anxiety concerning the trial during the seven weeks between his arrest and the trial, and has suffered anxiety since the case has been appealed due to his concern that the case will be reinstated. This court has found that the prejudice prong "[i]n a criminal prosecution ... is generally viewed 'in light of the harm the speedy trial requirements address, namely: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety of the defendant; and (3) to limit the possibility of impairment of the defense, the most important.'" *In re D.H.*, 666 A.2d 462, 475 (D.C.1995) (quoting *Dickerson v. United States*, 650 A.2d 680, 686 (D.C.1994)). In this case, appellee makes no claim that his defense was impaired by the seven-week delay of the trial nor any claim regarding incarceration, and this court will not conclude that there

---

1. Super. Ct.Crim. R. 48(b) states: "If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

is sufficient prejudice to warrant a dismissal based on a speedy trial violation solely on the basis of reducing the anxiety of appellee. As for appellee's current anxiety, "[u]nder the Sixth Amendment, no speedy trial right arises until charges are pending. Thus, 'the period between the dismissal and reindictment is not considered when evaluating the Sixth Amendment speedy trial claim.'" *In re D.H.*, 666 A.2d at 474 (quoting *Dickerson*, 650 A.2d at 684) (other internal citations omitted). Therefore, we conclude that there is insufficient prejudice to warrant a conclusion that appellee's right to a speedy trial has been violated.

Since the trial court does not appear to have applied the *Barker v. Wingo* factors as required, and since on this record consideration of those factors would not have justified dismissal with prejudice in any event, the order dismissing with prejudice is reversed.

*So ordered.*