MAIN, Judge.
 

 The State appeals the trial court’s pretrial dismissal of the two charges against Brandon
 
 [1]
 
 Clifford Watts: breaking and entering a motor vehicle, a violation of § 13A-8-ll(b), Ala.Code 1975, and third-degree theft, a violation of § 18A-8-5, Ala. Code 1975.
 

 The record indicates that when the trial court proceeded to call the present case for trial, the following transpired:
 

 “THE COURT: All right. Mr. Brandon Watts. Is he here?
 

 “[PROSECUTOR]: Your Honor, they told me they could be here—
 

 “THE COURT: No, no, no. I told you the case — we’re going to try the case at 2.
 

 “[PROSECUTOR]: Your Honor—
 

 “THE COURT: All right. At this time — listen. Hold up, now—
 

 “[PROSECUTOR
 
 [2]
 
 ]: Your Honor—
 

 “THE COURT: No.
 

 “[PROSECUTOR]: I—
 

 “THE COURT: Listen. I cannot do this.
 

 “[PROSECUTOR]: We’d ask for the Court’s indulgence.
 

 “THE COURT: No.
 

 “[PROSECUTOR]: He’s had childcare issues.
 

 “THE COURT: No.
 

 “[PROSECUTOR]: Your Honor, I’d ask you — [Defense counsel]—
 

 “THE COURT: All right. At this case — at this time, the Court calls the case of the State of Alabama versus Brandon Watts.
 

 “Is the State ready to proceed? Is the State ready to proceed?
 

 “Get this on the record, [Court Reporter.]
 

 “Is the State ready to proceed?
 

 “[PROSECUTOR]: Your Honor, the State would like to make a motion to continue this case, at a minimum, tomorrow morning when our victims can be here—
 

 “THE COURT: Why?
 

 “[PROSECUTOR]: — for the trial.
 

 “THE COURT: Why?
 

 
 *3
 
 “[PROSECUTOR]: Your Honor, as this case was set, [defense counsel] had a conflict on Thursday. Our—
 

 “[DEFENSE COUNSEL]: I had a conflict on Wednesday. I came—
 

 “[PROSECUTOR]: On the day you were going to set it for-—
 

 “THE COURT: the day the case-listen, now. You didn’t tell me or you didn’t make a motion for a continuance when I set this case for 2 o’clock today.
 

 “[PROSECUTOR]: Your Honor, at that time our — our—one of your victims — there’s a female and a male. They’re both—
 

 “THE COURT: Well, why ain’t one of them here—
 

 “[PROSECUTOR]: Because—
 

 “THE COURT: — so we can get the case started?
 

 “[PROSECUTOR]: They took — the lady — the wife—
 

 “THE COURT: Now, listen. I’m not going to let them — I’m not going to let them rule the Court.
 

 “[PROSECUTOR]: I understand that.
 

 “THE COURT: All right.
 

 “[PROSECUTOR]: And I respect that, Your Honor.
 

 “THE COURT: What says the — the State’s not ready to proceed? Motion for a continuance denied.
 

 “[PROSECUTOR]: Your Honor, if you don’t—
 

 “THE COURT: Motion for a continuance is denied.
 

 “[PROSECUTOR]: If you don’t — I understand. If you don’t require them to be here during voir dire, we can go ahead right now.
 

 “THE COURT: Well, they’ve got to be here to be qualified to the jury.
 

 “[PROSECUTOR]: Can I present their names—
 

 “THE COURT: No.
 

 “[PROSECUTOR]: — to the jury?
 

 “THE COURT: That’s not going to mean anything.
 

 “[PROSECUTOR]: We can go — we can go ahead with the trial, because they’ll be here by the time that they need to be—
 

 “THE COURT: No.
 

 “[PROSECUTOR]: — need to testify.
 

 “THE COURT: When I select this jury, they’re not going to testify.
 

 “[PROSECUTOR]: Your honor, all I’m saying—
 

 “THE COURT: And all I’m saying—
 

 “[PROSECUTOR]: — is that throughout all this whole process, [defense counsel] has lied to me, and our victims deserve some sort of— .
 

 “THE COURT: I don’t have — now, listen. I don’t know anything.
 

 “[PROSECUTOR]: — understanding of what’s going on.
 

 “THE COURT: I don’t have anything — they do. Now the case is set for trial. Why aren’t they here?
 

 “[PROSECUTOR]: The — your Hon- or—
 

 “THE COURT: The time is now 2:20.
 

 “[PROSECUTOR]: Your Honor, they took off work yesterday.
 

 “THE COURT: All right. Anything from the—
 

 “[DEFENSE COUNSEL]: I move to dismiss the case.
 

 “THE COURT: All right. I’ll grant it then. Case dismissed.”
 

 (R. 1-5.)
 

 Following further discussion between the trial court and the attorneys, the prosecutor moved the trial court to reconsider the dismissal and the trial court respond
 
 *4
 
 ed: “Well, if I did, your client’s not here.” (R. 16.)
 
 [3]
 
 There is no indication in the record of any previous motion for a continuance having been made by the State in this case.
 

 Thereafter, the prosecutor then filed a written motion to reconsider, arguing that the trial court improperly prevented the State from being allowed to proceed to trial because the victim and a witness (the victim’s wife) would not be able to be presented to the venire, although they would be present to testify at trial. The State argued:
 

 “There is no law in Alabama that requires the victim or a witness to be present during voir dire to be presented to the venire. Furthermore, there is no law in Alabama that allows a judge to dismiss a case because the victim or a witness was not present during voir dire to be presented to the venire.”
 

 (C. 12.) The trial court denied the motion. The State appealed.
 

 The State argues on appeal that the trial court lacked the authority to dismiss the charges against Watts for want of prosecution and that, even if the trial court had such authority, the trial court abused its discretion by dismissing the charges after the prosecutor stated that he was ready to proceed.
 
 [4]
 

 “It is fundamental in our procedure that the court must necessarily be vested with discretion in the conduct of the trial and unless it clearly appears that there has been an abuse of discretion by the trial court, the appellate courts will not interfere, but will presume that the trial court accorded a fair and impartial trial to all litigants.”
 
 Carson v. State,
 
 49 Ala.App. 413, 416, 272 So.2d 619, 622 (1973). “‘A trial court is vested with discretion in the conduct of a trial, and the appellate courts will not interfere with the exercise of that discretion unless it clearly appears that there has been an abuse of discretion.
 
 Shelton v. State,
 
 384 So.2d 869, 870 (Ala.Cr.App.), cert. denied, 384 So.2d 871 (Ala.1980).’
 
 Carden v. State,
 
 621 So.2d 342, 346 (Ala. Crim.App.1992).
 
 See also Rheuark v. State,
 
 601 So.2d 135 (Ala.Crim.App.1992).”
 

 Baker v. State,
 
 906 So.2d 210, 269 (Ala.Crim.App.2001), reversed on other grounds,
 
 Ex parte Baker,
 
 906 So.2d 277 (Ala.2004).
 

 Moreover,
 

 “ ‘Generally, a party, whether represented by counsel or acting pro se, has a duty to keep abreast of the status of his case, and no duty rests on the court or opposing parties to advise him of the trial date.
 
 Bowman v. Slade,
 
 501 So.2d 1236 (Ala.Civ.App.1987). Moreover, the dismissal of a case for lack of prosecution and the subsequent refusal to reinstate it are discretionary with the trial court.
 
 Bowman v. Slade.’ Waters v. Smith,
 
 586 So.2d 22 (Ala.Civ.App.1991).”
 

 Hart v. City of Priceville,
 
 631 So.2d 301, 302 (Ala.Crim.App.1993) (addressing the
 
 *5
 
 dismissal of an appeal from the municipal court to the circuit court).
 

 It is well settled that the process of voir dire examination remains within the sound discretion of the trial court.
 
 Clark v. State,
 
 294 Ala. 493, 495, 318 So.2d 822, 824 (1975). “[I]t is in the discretion of the judge whether he will question the panel of jurors as to matters which tend to show interest or bias not amounting to disqualification, ... whether or not he is requested by counsel to do so.”
 
 Avery Freight Lines, Inc. v. Stewart,
 
 258 Ala. 524, 526, 63 So.2d 895, 896 (1953). ‘“The purpose of voir dire is to provide sufficient information on the jurors to enable the trial court to make a meaningful determination as to whether the veniremembers could be impartial.’
 
 Pressley v. State,
 
 770 So.2d 115, 124 (Ala.Crim.App.1999),
 
 aff'd,
 
 770 So.2d 143 (Ala.2000).”
 
 Beckworth v. State,
 
 946 So.2d 490, 514 (Ala.Crim.App.2005). Thus, to uncover bias, potential jurors are often asked whether they know the victim, the defendant, the attorneys, or any of the witnesses.
 
 See
 
 Rules 18.4(c) and (d), Ala. R.Crim.P. (generally addressing voir dire examination and its scope). This examination follows the qualification of the jury panel; a veniremember is not statutorily disqualified for knowing the victim.
 
 See
 
 § 12-16-60, Ala.Code 1975 (statutory grounds for disqualification).
 
 See also
 
 § 12-16-100, Ala.Code 1975 (discussing the process of drawing, selecting, and empaneling jurors). Section 12-16-150, Ala. Code 1975, enumerates general grounds for challenges for cause of a juror by either party, and, although being related to a defendant, the prosecutor, or the victim is listed as one of those grounds, being acquainted with or being a friend or associate of such a party is not. Thus, although a potential juror may be challenged for knowing the victim, this reason is not a statutorily recognized ground for a challenge for cause based on bias. Moreover, there is no statute or rule requiring a victim to be presented to the venire.
 

 Here, the victim and his wife were not available to be presented to the venire to determine if any member of the panel may have known the victim or his wife. Similarly, if the victim or a witness was unavailable because of injury or death, he or she clearly would not be present. However, the prosecutor offered to present the names of the victim and his wife to the venire to determine bias. Despite some discussion after the trial court’s dismissal as to whether the victim had wanted Watts to be imprisoned, the prosecutor clearly stated that the victim and witness would be available and willing to testify at trial. Cf.
 
 Ready v. State,
 
 574 So.2d 894, 902 (Ala.Crim.App.1990) (holding that the victim’s prior videotaped testimony from a preliminary hearing was admissible as testimony at trial where the victim was unavailable to testify).
 

 After asserting that the victim and witness would be available for trial, the State announced that it was ready to proceed.
 

 “ ‘A duty rests upon the prosecuting attorney to prosecute in his county or district, on behalf of the people, all public offenses. Where a statute so provides, the prosecuting attorney must initiate proceedings for the prosecution of persons charged with or reasonably suspected of public offenses, when he has information that such offenses have been committed.’ ”
 

 Piggly Wiggly No. 208, Inc. v. Dutton,
 
 601 So.2d 907, 910 (Ala.1992). “It is the obligation of the attorney general and the district attorney to expose and prosecute crimes.
 
 In re White,
 
 53 Ala.App. 377, 300 So.2d 420, cert. denied, 293 Ala. 778, 300 So.2d 439 (1974). Such is not the primary function of the judicial branch of govern
 
 *6
 
 ment.”
 
 Dickerson v. State,
 
 414 So.2d 998, 1008 (Ala.Crim.App.1982), abrogated on other grounds by
 
 Ex parte Bohannon,
 
 564 So.2d 854 (Ala.1988). Cf.
 
 State v. Anderson,
 
 8 So.3d 1038, 1037 (Ala.Crim.App.2008) (acknowledging the trial court’s frustration, but holding that that court exceeded its authority by dismissing the charge in a guilty plea when the State did not present witnesses to establish the factual basis of the plea after Anderson disputed them).
 
 See also State v. Salinas,
 
 976 S.W.2d 870, 871 (Tex.App.1998) (“The Texas Constitution does not confer upon the trial court the general ability to maintain its docket by causing or preventing the dismissal of prosecutions. Rather, in this state, responsibility for maintaining or discontinuing criminal prosecutions is vested almost exclusively in the district and county attorneys, and not in the trial judges. Accordingly, a Texas trial court has no authority to dismiss a case, either on the defendant’s motion or on the court’s own motion, unless the prosecutor consents or the dismissal is otherwise authorized by constitution, statute, or common law.”) (footnotes omitted).
 

 “While a trial court is thus authorized to dismiss an accusation, it may not do so in a manner ‘impermissibly interfer[ing] with the State’s right to prosecute.... ’
 
 State v. Aldridge,
 
 259 Ga.App. 673, 674(1), 577 S.E.2d 863 (2003).”
 
 State v. Carr,
 
 287 Ga.App. 691, 692, 652 S.E.2d 597, 598 (2007). In
 
 District of Columbia v. Cruz,
 
 828 A.2d 181, 183 (D.C.2003), the trial court dismissed the charges against Cruz before trial based on a rule of procedure and due to the prosecution’s lack of preparedness. The appellate court stated:
 

 “Under Super. Ct.Crim. R. 48(b):
 

 “ ‘a court has inherent authority to dismiss for want of prosecution. However, there are limitations on this authority to dismiss for want of prosecution: Such authority may not be exercised in an “arbitrary, fanciful, or clearly unreasonable” manner, and the court may dismiss
 
 with prejudice
 
 for want of prosecution
 
 only
 
 when it [has] concluded] that the defendant’s constitutional right to a speedy trial has been violated.’
 

 “United States v. Mack,
 
 298 A.2d 509, 510 (D.C.1972) (emphasis in original; internal citations omitted).”
 

 (Footnote omitted.) In
 
 Cruz,
 
 the court concluded that the trial court’s dismissal was due to be reversed especially because Cruz did not assert a speedy-trial violation.
 

 In
 
 Holtzman v. Goldman,
 
 71 N.Y.2d 564, 523 N.E.2d 297, 528 N.Y.S.2d 21 (1988), the complaining witness could not be located on the day of trial and the people requested an adjournment or continuance; the trial court denied the motion and dismissed the charges. The appellate court reversed, stating:
 

 “The power of the trial court to deny the People further adjournment is not disputed; the error lies in the corrective action it took after it did so. Trial courts are vested with statutory power to dismiss indictments, of course, but the power is not unlimited.”
 

 71 N.Y.2d at 570, 523 N.E.2d at 301, 528 N.Y.S.2d at 25.
 
 See also Commonwealth v. Gonzalez,
 
 237 S.W.3d 575 (Ky.Ct.App.2007) (holding that district court lacked authority to dismiss charges of driving under the influence, reckless driving, operating a motor vehicle without a seat-belt, and operating a motor vehicle without insurance without State’s consent, where dismissal was at Gonzalez’s request based on absence of arresting officer);
 
 Commonwealth v. King,
 
 932 A.2d 948 (Pa.Super.Ct.2007) (holding that trial court improperly dismissed charges pretrial because the State did not disclose the identity of a confidential informant);
 
 *7
 

 State v. Fisher,
 
 212 S.W.3d 378 (Tex.App.2006) (holding that the trial court was not authorized to dismiss misdemeanor charges without the State’s consent on the basis that the State had refused to consent to Fisher’s waiver of a jury trial).
 

 “Countervailing the principle of the prosecution’s control of a criminal case are the trial court’s interest in controlling its own docket and the defendant’s right to a speedy trial.
 
 People v. Guido
 
 (1973), 11 Ill.App.3d 1067, 1070, 297 N.E.2d 18, 20, discussed the interaction between the former and latter considerations and held that both were adequately served by the constitutional right to a speedy trial (see generally
 
 Barker v. Wingo
 
 (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101) and by the statutory enactments requiring trial within a specified time. (Ill.Rev.Stat. 1979, ch. 38, par. 103-5.) But presciently
 
 Guido
 
 alluded to the problem now before us:
 

 “ ‘The conclusion we have reached does not leave the court powerless to control its calendar.(T)he court has contempt powers to require the State to appear. In the unlikely event that a prosecuting officer should refuse to proceed to trial after being ordered by the court to do so, the trial judge may order that the case proceed to trial.’ 11 Ill.App.3d 1067, 297 N.E.2d 18, 20.
 

 “The same conclusion was also reached in
 
 People v. Thomas
 
 (1975), 24 Ill.App.3d 907, 908, 322 N.E.2d 97. The
 
 Thomas
 
 court said: ‘Where the motion for a continuance has been properly denied the case should be called for trial and if no evidence or insufficient evidence is presented by the People then a judgment of acquittal may be entered by the court.’ ”
 

 People v. Mooar,
 
 92 Ill.App.3d 852, 855, 416 N.E.2d 81, 84, 48 Ill.Dec. 186, 189 (1981).
 

 Similarly, in the present case, the trial court could have imposed less stringent measures than dismissing the charges against Watts. Watts made no showing of prejudice, on speedy-trial ground or otherwise, as a result of the absence of the victim and witness for presentation to the venire; the victim and the witness would be available to testify for trial; and there was no indication of undue continuances. Under the particular circumstances of this case, the trial court abused its discretion in dismissing the charges. Because we find that the trial judge abused his discretion by dismissing the third-degree theft-of-property charge and the breaking and entering the vehicle charge based on the absence of the victim and his wife for presentation to the venire, its judgment is due to be reversed and this cause remanded for reentry of these charges against Watts.
 

 REVERSED AND REMANDED.
 

 WTNDOM and KELLUM, JJ„ concur. WELCH, J., concurs in the result. WISE, P.J., recuses herself.
 

 [1]
 

 . The appellee is referred to as both “Brandon” and "Braden” throughout the record; however, for consistency, in this opinion we will refer to him as "Brandon.”
 

 [2]
 

 . Although a different name appears for this speaker here and in two other comments, it appears that this is a typographical error. The comments indicate that the attorney was a prosecutor.
 

 [3]
 

 . We note that in civil cases, a trial court is authorized by Rule 41(b), Ala.R.Civ.P., to dismiss a case for failure to prosecute.
 

 [4]
 

 . Although the parties mention in their original briefs and the State argues in its reply brief that the trial court's dismissal of the case, as opposed to a nolle prosequi, prevented a re-indictment, citing
 
 State v. McNeill,
 
 716 So.2d 250 (Ala.Crim.App.1998), that issue is not before us because it was not raised at the trial court. Moreover, as this Court noted in
 
 McNeill,
 
 716 So.2d at 252, there had been no appeal from the trial court's order denying the State's motion to continue and dismissing the case; thus, there was no allegation of an abuse of discretion or error as a result of the trial court’s dismissal. Therefore,
 
 McNeill
 
 is not germane.