NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1136

STATE OF LOUISIANA

VERSUS

DIWARN R. BRADFORD

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 149,409
HONORABLE MARK JEANSONNE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

CONVICTION AND SENTENCE AFFIRMED;
REMANDED WITH INSTRUCTIONS.

David Lafargue
Assistant District Attorney
Twelfth Judicial District
P. O. Box 277
Marksville, LA 71351
(318) 253-7521
Counsel for Appellee:
        State of Louisiana

**Donald R. Dobbins**
**Attorney at Law**
**327 North Boulevard, Suite 103**
**Baton Rouge, LA 70801**
**(225) 387-6010**
**Counsel for Defendant/Appellant:**
**Diwarn R. Bradford**

**DECUIR, Judge.**

Defendant, Diwarn Bradford, was charged by bill of information with three counts of possession of cocaine with intent to distribute, in violation of La.R.S. 40:967(A). After a jury trial, Defendant was found guilty as charged. He was sentenced to serve three concurrent thirty-year terms of imprisonment. Defendant now appeals alleging two errors: the State's non-compliance with discovery procedure and the imposition of an excessive sentence. For the following reasons, we affirm.

In his first two assignments of error, Defendant complains of the State's failure to disclose its possession of the cocaine that was purchased by confidential informants from Defendant on three separate occasions as set forth in each of the three counts listed in the Bill of Information. Accordingly, Defendant contends the evidence should have been suppressed in accordance with La.Code Crim.P. art. 729.5(A), and the trial court abused its discretion when it failed to do so, thereby prejudicing Defendant's case.

Generally, under La.Code Crim.P. art. 718, the State must produce, on motion of the defendant, tangible evidence it intends to introduce at trial. Article 729.5 provides for sanctions "as may be appropriate" for the failure to comply with Article 718 or any other discovery rules. Nevertheless, a violation of discovery procedure which is not sanctioned by the trial court constitutes reversible error only when a defendant is prejudiced as a result of the violation. *State v. Harris*, 00-3459 (La. 2/26/02), 812 So.2d 612.

In the instant case, the State notified Defendant of its intent to introduce into evidence the lab reports and certificates of analysis which evidenced the testing done on the cocaine purchased from Defendant. Upon receipt of Defendant's motion for

discovery, the State provided defense counsel with a copy of its entire file, including the lab reports which verified the substance at issue as cocaine. On the morning of trial, the State offered into evidence, as a substitute for the actual cocaine in its possession, photographs of the bags of cocaine taken at the crime lab. Defendant objected.

Defendant has failed to establish how he was prejudiced by not being aware that the State intended to bring to trial the actual bags of cocaine or photographs thereof. He argues only that the trial court erred in allowing the introduction of inculpatory evidence not disclosed despite discovery requests. Defendant does not argue that he sought to physically possess the cocaine for any purpose that might have changed the outcome of the trial. He does not argue that he was denied the opportunity to test or otherwise inspect the cocaine. In fact, he knew the cocaine had been submitted for testing by the State. Defendant asserts that "[p]ursuant to art. 729, the lower court[']s reliance upon inadmissible evidence to sentence this defendant to thirty (30) years is harmful error." In other words, Defendant argues his convictions and sentences are the prejudice which resulted from this error.

> Louisiana's criminal discovery rules are intended to eliminate unwarranted prejudice arising from surprise testimony and evidence, to permit the defense to meet the state's case, and to allow a proper assessment of the strength of its evidence in preparing a defense. La. C. Cr. P. arts. 716- 729; *State v. Allen*, 94-2262 (La.11/13/95), 663 So.2d 686.

*State v. Thompson,* 44,176, p. 8 (La.App. 2 Cir. 5/13/09), 12 So.3d 1002, 1006.

Defendant has failed to show prejudice to his case. Accordingly, the trial court did not err when it allowed admission of the photographs of the cocaine into evidence. There is no merit to these assignments of error.

2

In Defendant's third assignment of error, he argues that the maximum sentences in this case are excessive under the circumstances. He argues that he "is entitled to modification of his sentence[s] pursuant to La.C.Cr.P. art. 894.1 considering his remorse, cooperation with the State, and compelling mitigating circumstances."

Defendant was convicted of possession of a controlled dangerous substance with intent to distribute. For the offense of distribution in this case, the sentencing range is not less than two years, nor more than thirty years at hard labor with the first two years without benefit of parole, probation, or suspension of sentence. In addition, an offender may be fined up to fifty thousand dollars. La.R.S. 40:967(B)(4)(b). Defendant was sentenced to the maximum prison term.

In *State v. Barling*, 00-1241, 00-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied,* 01-838 (La. 2/1/02), 808 So.2d 331, this court held:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne,* 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied,* 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook,* 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*Id.* 1042-43.

At the sentencing hearing, the State argued that Defendant had a prior conviction for possession of cocaine with intent to distribute and an attempted

3

manslaughter conviction. However, the State said that it would not file a habitual offender bill against Defendant, which could result in a life sentence. Therefore, the State argued that a maximum sentence of thirty years under the circumstances was appropriate.

Defense counsel argued that the amounts of the illegal substances were relatively small. He argued Defendant was a small "fish" who did not deserve the maximum penalty. Defendant made a lengthy plea for leniency, arguing that his wife and family needed him to take care of them, particularly since his wife was pregnant with their third child. He argued that a maximum sentence would destroy him and his family. He further argued that the last time he was in trouble was nine years prior to the current offenses.

The trial court gave a lengthy recitation outlining its reasons for the sentences. The trial court noted that it had reviewed Defendant's criminal history, his family situation, and the fact that he has contributed to a dangerous drug problem in the community. Subsequent to the hearing, Defendant filed a motion to reconsider the sentence imposed, but he did not assert specific grounds in support of the motion.

In brief, Defendant argues that the trial court failed to consider compelling mitigating circumstances. However, he does not argue what compelling circumstances the trial court should have taken into consideration. The imposition of a maximum sentence in this case is a harsh sentence; however, considering the facts contained in the record, and that Defendant failed to provide specific grounds in his motion to reconsider sentence, it cannot be said that the trial court abused its sentencing discretion. *See State v. Wide,* 09-1112 (La.App. 3 Cir. 4/14/10), 35 So.3d

4

1176 and *State v. West,* 01-969 (La.App. 3 Cir. 12/12/01), 801 So.2d 619. Accordingly, we find no merit to this assignment of error.

Our patent error review indicates the trial court failed to adequately advise Defendant of the prescriptive period for filing for post-conviction relief as required by La.Code Crim.P. art. 930.8. Therefore, the trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings. *See State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

In all other respects, the judgment of the trial court is affirmed.

**CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.