Rel: May 1, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

_____

## CR-2025-0918

_____

**State of Alabama**

**v.**

**Carlos Kendrell Savage**

**Appeal from Washington Circuit Court**
**(CC-25-27 and CC-25-900004)**

ANDERSON, Judge.

The State of Alabama appeals the Washington Circuit Court's pretrial order that dismissed, with prejudice, the cases involving indictments returned against Carlos Kendrell Savage accusing him of second-degree burglary and second-degree domestic violence. Because,

under the facts presented here, the circuit court abused its discretion when it exercised the harshest available sanction of dismissal with prejudice, we reverse the circuit court's order and remand these cases for further proceedings consistent with this opinion.

In March 2025, a Washington County grand jury returned indictments charging Savage with second-degree domestic violence and second-degree burglary. (C. 14-15.) Savage was arraigned in April 2025, and the circuit court entered an order setting both of Savage's cases for trial on November 17, 2025. (C. 21.) Included in the circuit court's order was a provision warning the parties that any motion to continue would "not be granted unless extraordinary circumstances are proven as to why the case should not proceed" so as "to ensure that the resources of the judicial system are utilized wisely." (Id.) Three days before the November 2025 trial date, the circuit court consolidated the cases for the purpose of conducting a single trial. (C. 36.)

On November 17, 2025, the individual identified as the victim in Savage's second-degree-domestic-violence indictment failed to appear before the start of jury selection. According to an order entered by the circuit court, the circuit court "requested that the victim of the alleged

2

domestic violence be contacted and be told to appear November 17, 2025," but she "did not appear." (C. 37.) Apparently, the circuit court reset the cases for trial on the following day.

The reporter's transcript reflects what transpired at the beginning of the proceedings the following day:

> "THE COURT: ... All right. This matter was set for trial yesterday and we brought jurors back today.
>
> "Gentlemen, it's my understanding that the alleged victim in the domestic violence case and -- the domestic violence, which is the underlying felony in the burglary case, is not present. Is that correct?
>
> "[Prosecutor]: As of this moment, after talking with her yesterday, she indicated that she would be here. And, in fact, she reached out to us asking some questions to help strengthen the case, so it was fully our understanding that she would be here. And we have -- Penelope House is trying to do a welfare check to make sure that she's okay and hasn't been pressured or anything like that.
>
> "THE COURT: Okay. So what's the State's position?
>
> "[Prosecutor]: Judge, the -- I mean, at this point, the witnesses who are here are the victims on the burglary. I think they can establish, based on the Defendant's statements when he came and busted in their house, what his intentions were. I believe the State has enough with the witnesses who are here at a minimum to proceed on the burglary second degree.
>
> "THE COURT: Okay. Anything from the Defense?

"[Defense Counsel]: Judge, we just ask that it just be dismissed for failure to prosecute. The victim in the underlying [domestic violence] case and the main [domestic violence] case is not present. I'm getting word from family members that she is not going to be here and does not want to be here and does not want to testify at all. I don't know if she'll be here or not but she's not here at 9:00 o'clock, and we ask that these cases be dismissed with prejudice.

"THE COURT: All right. Case numbers CC-2025-27 and CC-2025-900004 are hereby dismissed with prejudice due to the failure of the victim to be present in court on Monday, November the 17th, when the case was set for trial and to be present for court on Tuesday, November 18th."

(R. 3-5.)

That same day, the circuit court entered a written order further explaining its reasoning for dismissing the cases with prejudice. Notably, the circuit court partially justified the dismissal of both cases on the ground that the second-degree-burglary charge was "based on the allegation that the Defendant entered or remained unlawfully in a dwelling house with intent to commit the crime of domestic violence" and that the second-degree-domestic-violence charge was "the only crime alleged in the indictment to support the charge of burglary." (C. 38.) Dismissal was warranted, in the circuit court's view, because "the alleged victim of the domestic violence was not present," which the circuit court believed left it "no option but to dismiss the charges against the

4

Defendant in this case." (<u>Id.</u>) This pretrial appeal followed. <u>See</u> Rule 15.7, Ala. R. Crim. P.

On appeal, the State argues that the circuit court abused its discretion when it dismissed the cases with prejudice based solely on the failure of a prosecution witness to appear in court before voir dire. For his part, Savage argues that the circuit court was justified in dismissing both cases "due to the continued absence of the alleged victim of the crimes when she was ordered to be in court by the trial judge." (Savage's brief at 3.) As explained more fully below, we agree with the State.

> "It is fundamental in our procedure that the [trial] court must necessarily be vested with discretion in the conduct of [a] trial and unless it clearly appears that there has been an abuse of discretion by the trial court, the appellate courts will not interfere, but will presume that the trial court accorded a fair an impartial trial to all litigants."

<u>Carson v. State</u>, 49 Ala. App. 413, 416, 272 So. 2d 619, 622 (1973).

> "'"A trial court is vested with discretion in the conduct of a trial, and the appellate courts will not interfere with the exercise of that discretion unless it clearly appears that there has been an abuse of that discretion. <u>Shelton v. State</u>, 384 So. 2d 869, 870 (Ala. Cr. App.), cert. denied, 384 So. 2d 871 (Ala. 1980)." <u>Carden v. State</u>, 621 So. 2d 342, 346 (Ala. Crim. App. 1992). <u>See also</u> <u>Rheuark v. State</u>, 601 So. 2d 135 (Ala. Crim. App. 1992).'"

State v. Watts, 35 So. 3d 1, 4 (Ala. Crim. App. 2009) (quoting Baker v.

State, 906 So. 2d 210, 269 (Ala. Crim. App. 2001), rev'd on other grounds,

Ex parte Baker, 906 So. 2d 277 (Ala. 2004)).

In Watts, this Court reversed a trial court's order dismissing, with

prejudice, the criminal case against Watts due to the victim's failure to

appear, along with his wife, for voir dire. Watts, 35 So. 3d at 5. In that

case, the State had assured the trial court that the victim and his wife

would be present and available to testify, but the trial court nevertheless

dismissed the case against Watts.[1] While recognizing a trial court's

inherent authority to dismiss criminal cases for want of prosecution, this

Court found that the trial court had abused its discretion by infringing

upon the State's duty to prosecute because less stringent measures were

available to address the trial court's concerns.

Later, in State v. Stallworth, 337 So. 3d 1201 (Ala. Crim. App.

2021), this Court further explained its holding in Watts, noting that it

> "ultimately held that the circuit court's dismissal of [the]
> charges against Watts was improper, noting that 'the trial
> court could have imposed less stringent measures than
> dismissing the charges against Watts' and that 'Watts made

---

[1]In Watts, this Court assumed, without explicitly finding, that the trial court's dismissal would have operated to bar a subsequent indictment. Watts, 35 So. 3d at 4 n.4.

no showing of prejudice, on speedy-trial grounds or otherwise, as a result of the absence of the victim and witness for presentation to the venire; the victim and witness would be available to testify at trial; and there was no indication of undue continuances.'"

Stallworth, 337 So. 3d at 1209 (quoting Watts, 35 So. 3d at 7). This Court again reiterated that, while "a circuit court has the authority to dismiss a case for want of prosecution, that authority is not unlimited," and that such authority "should also be limited in that a circuit court shall not 'impermissibly interfere with the State's right to prosecute' and its discretion should not be exercised in an '"arbitrary, fanciful, or clearly unreasonable" manner."'" Id. at 1210 (quoting Watts, 35 So. 3d at 6). In that case, the trial court erred because it had dismissed an indictment returned against Stallworth "based on a [pretrial] factual determination of the evidence."

Here, the circuit court's dismissal of both indictments constituted an abuse of discretion under Watts and Stallworth.[2] We start with the fact that the State assured the circuit court that it was prepared to proceed to trial on the second-degree-burglary charge. (R. 3-4.) The

---

[2]Notably, Savage does not address the State's reliance on Watts and Stallworth despite their direct applicability to the issue presented. In fact, Savage's brief offers no discussion of those decisions.

person identified as the victim in the indictment charging Savage with second-degree burglary was a different person than the individual identified as the victim in the indictment charging Savage with second-degree domestic violence. Compare (C. 14), with (C. 15). The circuit court's dismissal of the State's case against Savage for burglary -- a prosecution the State informed the circuit court it was ready to undertake -- based on the failure of a victim in another case to appear before voir dire impermissibly interfered with the State's right to prosecute and appears to have been driven by the circuit court's own pretrial factual determination as to what evidence would be required from individual prosecution witnesses. As this Court made clear in Stallworth, however, such pretrial factual determinations have no place in determining whether an indictment should be dismissed.

Equally important, there were less stringent measures the circuit court could have employed than a pretrial dismissal with prejudice. For example, if the individual named as the victim in Savage's domestic-violence case had been issued a subpoena to appear in court, the circuit court could have exercised its inherent authority through the issuance of

8

a show-cause order, attachment, or other similar proceedings.[3] And where, as here, it does not appear the witness had been issued a subpoena and the State did not seek leave to nolle pros its prosecution of Savage for domestic violence, the circuit court could have accepted the State's representations that it was prepared for trial by allowing the prosecution of Savage to proceed.[4] Or, the circuit court could have continued the cases with a directive requiring the State to have all of its witnesses, including the alleged victim in the domestic-violence case, subpoenaed before a future trial date.

Like the defendant in <u>Watts</u>, Savage made no showing in the circuit court of any prejudice resulting from the victim-witness's failure to

---

[3]There is no indication in the record on appeal that the person identified as the victim in Savage's domestic-violence case was subpoenaed to appear. While it is true that the State must suffer the consequences of its witnesses' failure to appear at trial and offer testimony when no subpoenas have been issued, those consequences generally do not come into play until the evidentiary portion of a trial or hearing.

[4]We recognize that such a course of action could result in an outcome similar to a dismissal with prejudice if the alleged victim fails to appear for trial and offer testimony <u>after</u> the jury has been empaneled and sworn. Such an outcome, however, properly respects the State's duty to prosecute by placing the decision of whether to seek a continuance, to seek leave to nolle pros its prosecution, or to proceed with trial on the State, in its prosecutorial role.

appear in court before voir dire. Based on this Court's holding in <u>Watts</u>, therefore, the circuit court did not possess the discretion to dismiss both cases, with prejudice, based on the failure of a single witness to appear in court before voir dire. <u>See</u> <u>Watts</u>, 35 So. 3d at 5 (explaining that "there is no statute or rule requiring a victim to be presented to the venire").

This Court is sensitive to the fact that trial courts must retain authority to manage their dockets to protect judicial resources and the time of those citizens who are summoned for jury service. Thus, although we acknowledge that the circuit court notified both parties in April 2025 that motions to continue would not be granted absent extraordinary circumstances (C. 21), the State did not seek a continuance based on the absence of the individual identified as the victim in Savage's domestic-violence indictment. Instead, the State affirmatively represented to the circuit court -- certainly as to the second-degree-burglary indictment -- that it was prepared to proceed to trial. (R. 3-4.) The circuit court did not address this factor in its written order dismissing both cases brought against Savage, and its disregard of the State's announcement that it was ready for trial improperly infringed on the State's duty to prosecute.

For these reasons, we reverse the circuit court's order dismissing the indictments against Savage and remand these cases for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Windom, P.J., and Minor, J., concur. Kellum and Cole, JJ., concur in the result.