**People of the State of Illinois, Plaintiff-Appellant, v. Mike McGraw, Defendant-Appellee.**

Gen. Nos. 51,259 and 51,260.

First District, Fourth Division.

October 28, 1966.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellant.

John E. McKeigue, of Oak Lawn, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal by the State of Illinois from an order dismissing its complaints of battery against the defendant.

Defendant was initially charged in separate complaints with aggravated battery against two individuals. He waived his right to be prosecuted by indictment. Subsequently a pre-trial conference was held before Judge Salerno, during which the prosecutor left the conference room and later returned with two complaints signed by Judge Kral (who apparently was unaware of the proceeding before Judge Salerno) charging the defendant with battery. The latter complaints arose from the same occurrence as did the complaints of aggravated battery. The complaints of aggravated battery were then nolle

prossed upon motion of the prosecution. Also upon motion of the prosecution the cause was transferred to Judge Kral. After the cause had been transferred defendant filed a motion to dismiss the complaints of battery "on the grounds that the offense charged herein arose out of the same conduct in which the defendant had earlier been charged with aggravated battery, and pursuant to Section 3-3 of the Criminal Code of 1961 and the cases thereunder." The motion was allowed.

Section 3-3 of the Criminal Code (Ill Rev Stats 1965, c 38, § 3-3), which provides for mandatory joinder of offenses, does not establish the consequences for failing to comply therewith. Only Section 3-4(b) bars a subsequent prosecution for failure to comply with Section 3-3.

■ The issue in the instant case is identical to that recently decided by the Illinois Supreme Court in People v. Piatt, 35 Ill2d 72, 219 NE2d 481, in which the court stated at pages 73-74 that:

> There is no need for extended discussion here for the result is controlled by People v. Miller, . . . [35 Ill2d 62] in which an opinion has been adopted this term holding subsequent prosecution on different charges arising from the same conduct is barred under section 3-4(b)(1) of the Criminal Code of 1961 only if the former prosecution resulted in a conviction or acquittal. Since the former prosecution in the instant case was dismissed prior to preliminary examination of the jury, the subsequent action of the trial court in dismissing the new information . . . was clearly erroneous.

■ Defendant also argues that the complaint charging him with battery was properly dismissed because the action of the prosecutor in obtaining the new complaint from another judge was unethical. While the action of the prosecutor was unorthodox, the complaints charging the defendant with aggravated battery were

43

dismissed prior to trial and the defendant suffered no prejudice thereby.

We find that the complaints charging the defendant with battery were improperly dismissed. Therefore the order dismissing the complaints is reversed and the cause remanded with directions to reinstate the aforesaid complaints of battery.

Reversed and remanded with directions.

ENGLISH and McCORMICK, JJ., concur.