THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MICHAEL GUIDO *et al.*, Defendants-Appellees.

(No. 72-186;

Second District—May 29, 1973.

William V. Hopf, State's Attorney, of Wheaton, and James W. Jerz, of Elgin, for the People.

Robert F. Casey, of Geneva, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

This appeal by the State questions the authority of the trial court to suppress confessions and evidence without a hearing on the defendants' motion to suppress, and to enter an order dismissing misdemeanor charges for want of prosecution.

The defendants were arrested in Du Page County on September 28, 1971. Patrick Riedy, Jr. was charged with the unlawful possession of less than 2.5 grams of marijuana, drag racing and attempting to elude a police officer. Michael F. Guido was charged with the unlawful possession of marijuana, less than 2.5 grams. Both defendants pleaded not guilty. The cases were first set for a November 19, 1971, trial date in Du Page County. On November 15, 1971, the defendants filed motions to suppress confessions and evidence, for discovery and for a continuance. The cases were first continued to December 10, 1971, and later on defendants' motion to December 22, 1971. On November 17, 1971, the State filed an answer to defendants' discovery motion.

On January 6, 1972, the defendant Patrick Riedy, Jr. filed a motion for a change of venue from Du Page County to Kane County. The motion was granted and the cases of both defendants were ordered transferred to the 16th Judicial Circuit, Kane County, "for hearing on all pending motions, trial and all further proceedings". It was further ordered that all files and papers be transferred to the clerk of the Circuit Court of Kane County. While it does not appear in the order, the transcript of the proceedings before the transferring judge in Du Page County reflects that he recused himself and further stated that the matters would be transferred for setting for trial by the chief judge of the Circuit Court of Kane County. There is nothing in the record to indicate that the cases appeared before the chief judge in Kane County, nor is the manner in which the cases appeared before the trial judge in Kane

County on March 23, 1972, apparent from the record. The attorney for the defendants was present on this date but the State was not represented.[1]

Without hearing evidence, the court below granted defendants' motion to suppress on the ground that the State had failed to appear, and dismissed the cases on the same ground. The State's motion to vacate the orders was denied, from which order it appeals under Supreme Court Rule 604(a)(1). Ill. Rev. Stat. 1971, ch. 110A, par. 604(a)(1).

The State contends that the court did not have authority to suppress confessions and evidence without first conducting a hearing on defendants' motion; and that the trial court did not have authority to enter an order of dismissal for want of prosecution.

■■ We agree with the State's contention that the trial court did not have authority to enter the order of dismissal for want of prosecution. The court on its own motion, or on the motion of the defendant, has no power before trial, in the absence of a statute, to dismiss criminal charges or enter a *nolle prosequi*[2] in a criminal case, since this power rests initially and primarily with the prosecuting officer. (*People ex rel. Elliott v. Covelli* (1953), 415 Ill. 79, 86, 87; *People v. Rotramel* (1972), 5 Ill.App.3d 196, 198-199; *State v. Hunter* (1970), 10 Md.App. 300, 270 A.2d 343, 344-345; 22A C.J.S., Crim. Law, sec. 457(c); Annot., 69 A.L.R. 240.) The court may dismiss an indictment, information or complaint only upon the grounds set forth in section 114—1 of the Code of Criminal Procedure. (*People v. Shick* (1968), 101 Ill.App.2d 377, 379-380.) A dismissal for want of prosecution does not come within any of the statutory grounds set forth in section 114—1. Ill. Rev. Stat. 1971, ch. 38, par. 114—1.

■■■ The defendants rely heavily on the fact that dismissal for want of prosecution has been held to be an inherent power of the court in civil actions. (*Agran v. Checker Taxi Co.* (1952), 412 Ill. 145; *Casillas v. Rosengren* (1967), 86 Ill.App.2d 139, 143.) However, in criminal cases the state is a party and considerations of public safety and welfare are directly involved. Thus it is the representative of the people who has

---

[1] In its motion to vacate below, the State contended that it had, to the best of its knowledge, no prior notice of the setting before the trial judge, in the context of its claim that it was not dilatory. In its printed brief and argument here the State contends that "an examination of circumstances mitigating the State's action need not be conducted * * *". The question of notice or absence of it therefore has not been sufficiently placed in issue by the State.

[2] The dismissal of criminal charges before trial is, in effect, a *nolle prosequi*. See *Commonwealth v. Brandano* (Mass. 1971), 269 N.E.2d 84, 86-87; *People v. Dennis* (Col. 1967), 433 P.2d 339, 340.

been vested with the discretion to dismiss. (See *People ex rel. Elliott v. Covelli* (1953), 415 Ill. 79, 85-89.) In addition, in criminal cases the protection against want of prosecution is embodied in the constitutional right to a speedy trial and the statutory enactments requiring a trial within a specified time. (Ill. Rev. Stat. 1971, ch. 38, par. 103—5. See *People v. Shick* (1968), 101 Ill.App.2d 377, 380; *State v. Hunter* (1970), 10 Md.App. 300, 270 A.2d 343, 345.) Preserving a defendant's right to a speedy trial also preserves the court's interest in eliminating from the dockets cases that have not been prosecuted for lengthy periods of time.

■■■ The conclusion we have reached does not leave the court powerless to control its calendar. Besides discharging cases pursuant to defendants' rights, the court has contempt powers to require the State to appear. In the unlikely event that a prosecuting officer should refuse to proceed to trial after being ordered by the court to do so, the trial judge may order that the case proceed to trial. See *Commonwealth v. Dipasquale* (1968), 431 Pa. 536, 246 A.2d 430, 432.

The defendants do not address themselves to the remaining issue raised by the State, that the court had no authority to allow defendants' motion to suppress in the absence of the prosecutor and without a hearing. They contend that the dismissal of the cases would have been entered irrespective of the ruling on the prior motion. But, as the State points out, while the dismissal alone would permit a further prosecution of all of the charges (see *People v. Watson* (1946), 394 Ill. 177, 179), the suppression order becomes *res judicata* if not changed on appeal. (*People ex rel. MacMillian v. Napoli* (1966), 35 Ill.2d 80, 81-82; *People v. Taylor* (1972), 50 Ill.2d 136, 140.) In practical terms, the suppression ruling may preclude further proceedings for lack of evidence. If granting the suppression motion is grounded on failure to prosecute, it thus may be tantamount to dismissing the charge on its merits prior to trial, and equally beyond the court's authority.

■■■ On the facts of this case we agree with the contention of the State that the court had no authority to suppress without a hearing as provided under sections 114—11 and 114—12 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1971, ch. 38, pars. 114—11 and 114—12.) These sections require sufficient factual allegations of illegality and involuntariness and a hearing thereon before evidence may be suppressed. Unless the record and the evidence are sufficient to sustain the ruling of the trial court, the suppression order is invalid. (*People v. Green* (1972), 133 Ill.App.2d 244.) Here no hearing was held and no evidence adduced. The order of suppression solely on the purported basis of lack of prosecution was invalid.

We therefore reverse both the orders of dismissal and the orders of suppression and remand the case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded with directions.

GUILD, P. J., and T. MORAN, J., concur.