THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* STEVEN MOOAR, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* STEVEN MACHALINSKI, Defendant-Appellee.

Second District   Nos. 79-679, 79-680 cons.

Opinion filed January 21, 1981.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The State appeals from an order of the Circuit Court of Du Page County, dismissing informations filed against defendant, Steven Mooar, for battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—3(a)(1)) against both defendant Mooar and defendant Steven Machalinski for criminal damage to property (Ill. Rev. Stat. 1977, ch. 38, par. 21—1(a)).

The defendants were originally charged by complaints which alleged that the offenses occurred on December 27, 1978. On June 6, 1979, the cases were called for trial and the defendants and the State answered ready. The prosecutor then indicated that a material witness, Thomas Fuith, was absent from the courtroom. He was allowed to telephone the witness and returned, stating that Mr. Fuith could not be reached and explaining that just that morning he had received assurances of Mr. Fuith's presence, though he knew the witness to have health problems.

The prosecutor moved to continue the trial for at least one day, but

the defendants' attorney objected and the motion was denied. The State moved to nol-pros the charges, the motion was granted and on the same day the defendants made a demand for speedy trial. The State filed informations against defendants on the same charges on July 30, 1979. The trial court dismissed these informations on defendants motion, stating that the prosecution had improperly employed the nolle prosequi to avoid the denial of the continuance. The State appeals.

This case involves a series of procedural steps, *i.e.*, the court's denial of the continuance, the State's entry of a nolle prosequis as to the original complaints, the refiling of the same charges by information, and the dismissal of the informations by the court, the propriety of which will be discussed in the order of their occurrence. However, though case law suggests that the trial court's denial of the State's motion for a continuance was an abuse of discretion (see, *e.g.*, *People v. Deems* (1979), 74 Ill. App. 3d 543, 392 N.E.2d 1118), this argument was not raised on appeal, and we need not decide the question.

The second event significant to this appeal was the State's motion to nol-pros the complaints, which was granted by the court. The prosecution, in a criminal case, has very broad discretion to nol-pros the charges. (*Cf. People v. Rotramel* (1972), 5 Ill. App. 3d 196, 198-99, 282 N.E.2d 484, 486 (State's Attorney has exclusive authority to decide which charges to bring).) *People ex rel. Elliot v. Covelli* (1953), 415 Ill. 79, 85, 112 N.E.2d 156, 159 (quoting *Regina v. Allen* (Q.B. 1861), 1 Best & Smith 850), contains an excellent historical discussion and states: "[T]he power of determining whether the prosecution of an indictment shall go on or not is intrusted to the Attorney General, who is the great law officer of the Crown; and, whether he is right or wrong the court cannot interfere."

*Covelli* suggests that the only limitation on this power arises in the case of capricious and vexatious repetitions of nol-prossing the indictment. But more recent case law indicates that the consent and approval of the court is generally required before the State's Attorney may enter a nolle prosequi. (*People v. Maher* (1979), 77 Ill. App. 3d 488, 490, 396 N.E.2d 77, 79.) Once a nolle prosequi has been accepted by the court and entered, it is well established that neither double jeopardy nor equitable estoppel will bar future prosecution of an offense nol-prossed before jeopardy attached. Thus the State is free to refile the charges and we find no error in the third procedural event in this case. See *People v. Eisele* (1979), 77 Ill. App. 3d 766, 396 N.E.2d 662, 665. Kavanaugh, *Representing the People of Illinois: Prosecutorial Power and Its Limitations*, 27 DePaul L. Rev. 625, 628 (1978).

Turning to the fourth procedural step in the instant appeal, the trial court's dismissal of the second prosecution, we note that concomitant to

the broad discretion given to the prosecution to nol-pros is the principle that the trial court, on its own motion, or on the motion of the defendant and in the absence of a statute, has no power before trial to dismiss criminal charges since this power rests initially and primarily with the prosecuting officer. (*People v. Guido* (1973), 11 Ill. App. 3d 1067, 1069, 297 N.E.2d 18, 19.) Accordingly, it has been repeatedly held that the trial court has no power, absent statutory grounds, to dismiss for want of prosecution. See, *e.g., People v. Thomas* (1975), 24 Ill. App. 3d 907, 322 N.E.2d 97.

Section 114—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1979, ch. 38, par. 114—1) sets forth the proper grounds for pretrial dismissal of criminal charges by the trial court. In *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, the supreme court expanded upon the statutory provisions of section 114—1, declaring that an action may be dismissed where the defendant has been denied due process as a result of a preindictment delay. However, *Lawson* cautioned that "[t]he courts must proceed with restraint and ascertain preindictment denial of due process only with certainty." (67 Ill. 2d 449, 457, 367 N.E.2d 1244, 1247.) In sum, the trial court's discretion to dismiss criminal prosecutions is narrowly circumscribed and dependent upon due process or statutory grounds.

The cases discussed above outline the general principles to be applied but fail to resolve the precise issue presented to us, *i.e.,* whether the trial court may dismiss a second indictment after the State nol-prossed the initial complaint in an effort to circumvent the trial court's denial of its motion for a continuance. Two cases suggest that it cannot.

In *People v. Piatt* (1966), 35 Ill. 2d 72, 219 N.E.2d 481, the State's Attorney sought leave of the court to amend an information. When the motion was denied, the State dismissed the charge and refiled an information which contained the desired amendment. The supreme court reversed the trial court's dismissal of the second information, though the defendant had argued to the trial court that the second information was but a subterfuge to circumvent the denial of the motion to amend, and held that subsequent prosecution is not barred unless the former prosecution resulted in conviction or acquittal. The supreme court dismissed the "subterfuge" argument with the comment that the "action of the trial court * * * was clearly erroneous." 35 Ill. 2d 72, 73-74, 219 N.E.2d 481, 482.

*People v. McGraw* (1966), 77 Ill. App. 2d 41, 42-43, 222 N.E.2d 130, 131, introduced into the common law consideration of prosecutorial as opposed to judicial dominion the concept of prejudice to the defendant. *McGraw* reversed the trial court's dismissal of complaints charging the

defendant with simple battery, where the prosecutor had left the room during a pretrial conference with one judge on criminal complaints charging defendant with aggravated battery and returned to the conference with the subsequently dismissed complaints signed by another judge and based upon the same occurrence. The *McGraw* court cited *Piatt* stating: "While the [allegedly unethical] action of the prosecutor [which induced the trial court's dismissal] was unorthodox, the complaints charging the defendant with aggravated battery were dismissed prior to trial and the defendant suffered no prejudice thereby." 77 Ill. App. 2d 41, 43-44, 222 N.E.2d 130, 131.

We hold that the motive of the prosecutor in entering a nolle prosequi and refiling charges is not dispositive of a pretrial motion to dismiss a subsequent prosecution which is presented to the trial court. Rather, the issue is whether the case involves a due process violation, or is governed by section 114—1, or whether defendant has been prejudiced by the State's procedural strategy. In view of these principles, it is clear that the present case must be reversed and remanded. Section 114—1 is not applicable to these facts, and the record reveals no due process violation or prejudice to the defendant as a result of the course taken by the State.

Countervailing the principle of the prosecution's control of a criminal case are the trial court's interest in controlling its own docket and the defendant's right to a speedy trial. *People v. Guido* (1973), 11 Ill. App. 3d 1067, 1070, 297 N.E.2d 18, 20, discussed the interaction between the former and latter considerations and held that both were adequately served by the constitutional right to a speedy trial (see generally *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182), and by the statutory enactments requiring trial within a specified time. (Ill. Rev. Stat. 1979, ch. 38, par 103—5.) But presciently *Guido* alluded to the problem now before us:

> "The conclusion we have reached does not leave the court powerless to control its calendar. * * * [T]he court has contempt powers to require the State to appear. In the unlikely event that a prosecuting officer should refuse to proceed to trial after being ordered by the court to do so, the trial judge may order that the case proceed to trial." (11 Ill. App. 3d 1067, 297 N.E.2d 18, 20.)

The same conclusion was also reached in *People v. Thomas* (1975), 24 Ill. App. 3d 907, 908, 322 N.E.2d 97. The *Thomas* court said: "Where a motion for a continuance has been properly denied the case should be called for trial and if no evidence or insufficient evidence is presented by the People then a judgment of acquittal may be entered by the court." (24 Ill. App. 3d 907, 908.) The rules of *Guido* and *Thomas*, in conjunction with the requirement that the trial court approve the State's motion to nol-pros,

ensure that the trial court is not without recourse against a recalcitrant State's Attorney.

For the foregoing reasons we reverse the judgment of the Circuit Court of Du Page County and remand this cause for a new trial.

Reversed and remanded.

SEIDENFELD, P. J., and REINHARD, J., concur.