# Illinois Official Reports

## Appellate Court

---

### *People v. Lopez*, 2015 IL App (4th) 150217

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ALBERTO LOPEZ, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket Nos. 4-15-0217, 4-15-0218 cons. |
| Filed | December 4, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, Nos. 14-TR-3671, 14-TR-3672; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| Judgment | Reversed and remanded for further proceedings. |
| Counsel on Appeal | Seth Uphoff, State's Attorney, of Pontiac (Patrick Delfino, David J. Robinson, and Julia Kaye Wykoff, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>Aaron S. Galloway, of Fellheimer Law Firm, Ltd., of Pontiac, for appellee. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Justices Harris and Pope concur in the judgment and opinion. |

¶ 1        In October 2014, the State charged defendant, Alberto Lopez, with two traffic offenses. Specifically, in Livingston County case No. 14-TR-3671, defendant was charged with speeding (driving 91 miles per hour in a 70 mile per hour speed zone), and in Livingston County case No. 14-TR-3672, he was charged with driving while license revoked. (On this court's own motion, we have consolidated these cases on appeal.) Five months later, when these cases were set for a pretrial conference, the State failed to appear. The trial court's docket entry notes that the court waited 15 minutes and then dismissed each of these charges "for failure to prosecute."

¶ 2        The State appeals, arguing that the trial court erred by dismissing defendant's charges for "failure to prosecute." We agree and reverse and remand for further proceedings.

## I. BACKGROUND

¶ 3

¶ 4        On November 24, 2014, attorney Aaron Galloway entered his appearance on behalf of defendant. After various pretrial proceedings, the case was scheduled for a pretrial conference on March 18, 2015, at 10:30 a.m. before Judge Jennifer H. Bauknecht. On March 18, 2015, the trial court entered the following docket entry regarding the proceedings conducted that day: "Deft. (from Texas), appears with Atty. Aaron Galloway; State FTA. Due notice provided. Court waited 15 minutes. Still no one from State appears. Citations dismissed for failure to prosecute."

¶ 5        This appeal followed.

## II. THE TRIAL COURT ERRED BY DISMISSING DEFENDANT'S CHARGES FOR THE STATE'S "FAILURE TO PROSECUTE"

¶ 6

¶ 7        The State argues that the trial court erred by dismissing defendant's charges for "failure to prosecute." We agree and reverse and remand for further proceedings.

¶ 8        We first note that defendant has not filed a brief in this court. However, in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976), the supreme court held that if the record in such a case is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, then a court of review should decide the merits of the appeal. Because we conclude that those circumstances are present in this case, we will address the merits of the State's appeal.

¶ 9        Decades ago, in *People v. Guido*, 11 Ill. App. 3d 1067, 1069, 297 N.E.2d 18, 19-20 (1973), the appellate court held that a trial court, absent statutory authorization, has no power before trial, to dismiss criminal charges either on its own motion or on the motion of a defendant. The *Guido* court added that a court may dismiss an indictment, information, or complaint only upon the grounds set forth in section 114-1 of the Code of Criminal Procedure of 1963 (then Ill. Rev. Stat. 1971, ch. 38, ¶ 114-1; now 725 ILCS 5/114-1 (West 2014)). *Guido*, 11 Ill. App. 3d at 1069, 297 N.E.2d at 20. In so concluding, the *Guido* court pointed out that this decision did not leave a court powerless to control its calendar, noting that "the court has contempt powers to require the State to appear." *Id*. at 1070, 297 N.E.2d at 20.

¶ 10        Over the last 42 years, the decision in *Guido* has been cited approvingly and followed in the following cases: *People v. Thomas*, 24 Ill. App. 3d 907, 322 N.E.2d 97 (1975); *People v. Uplinger*, 45 Ill. App. 3d 558, 560, 359 N.E.2d 1052, 1055 (1976) ("it is beyond the power of a trial court to dismiss a criminal case for want of prosecution"); *People v. Kenney*, 39 Ill. App. 3d 941, 943, 351 N.E.2d 574, 575 (1976) ("the trial court lacked the general power to dismiss the initial charge for want of prosecution"); and *People v. Schroeder*, 102 Ill. App. 3d 133, 135, 429 N.E.2d 573, 576 (1981) ("[w]ith few exceptions [citation], which are inapplicable here, the trial court is authorized to dismiss criminal charges prior to trial only for the reasons set forth in section 114-1 of the Code of Criminal Procedure of 1963 [citation] or where there has been a clear denial of due process which prejudiced defendant").

¶ 11        The reference in the latter part of the above quotation in *Schroeder* to "a clear denial of due process which prejudiced defendant" is based upon the decision of the supreme court in *People v. Lawson*, 67 Ill. 2d 449, 455, 367 N.E.2d 1244, 1246 (1977), in which the court held that based on "the reasoning of the United States Supreme Court, we must conclude that a trial court does have an inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process even though that is not a stated ground in section 114-1." However, other than the limited circumstances the supreme court mentioned in *Lawson*, no question has arisen over the last 40 years regarding the correctness of the holding in *Guido* that, absent statutory authorization, a trial court has no power before trial to dismiss criminal charges on its own motion or on the motion of the defendant. In particular, no support exists for the action taken by the trial court in this case, which was to dismiss purportedly on the ground "for failure to prosecute." In so concluding, we note that the circumstances of this case come nowhere close to constituting "a clear denial of due process which prejudiced defendant." *Schroeder*, 102 Ill. App. 3d at 135, 429 N.E.2d at 576.

¶ 12                                    III. CONCLUSION

¶ 13        For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 14        Reversed and remanded for further proceedings.