2019 IL App (3d) 180184

Opinion filed August 15, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellant, | ) ) | Appeal No. 3-18-0184 |
| v. | ) ) | Circuit No. 15-DT-403 |
| GARRETT MOTZKO, | ) ) ) | Honorable Lisa Y. Wilson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justices Carter and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1     The State appeals following the Peoria County circuit court's dismissal of a charge of driving while under the influence of alcohol (DUI) against defendant, Garrett Motzko. The State argues that the court, which dismissed that charge after granting a motion to suppress, was without authority to take such action. We reverse and remand for further proceedings.

¶ 2                                I. BACKGROUND

¶ 3     The State charged defendant with DUI (625 ILCS 5/11-501(a)(2) (West 2014)), as well as other traffic offenses. Defendant subsequently filed a "Motion to Suppress Evidence and Quash Arrest Made Without Warrant."

¶ 4    The evidence at the hearing on defendant's motion established that defendant was involved in a single-motorcycle accident. Defendant was injured and attended to by paramedics at the scene. Officer Michael Bishoff of the Peoria Police Department was dispatched to the scene, where he interviewed a witness to the accident. The witness told Bishoff that defendant crashed when trying to negotiate a curve at a high rate of speed. Bishoff spoke briefly to defendant at the scene before defendant was transported to a hospital. Bishoff observed defendant further at the hospital and conducted a horizontal gaze nystagmus (HGN) test. Bishoff placed defendant under arrest for DUI.[1]

¶ 5    On December 22, 2015, the circuit court found that Bishoff lacked probable cause to arrest and granted defendant's motion. The State sought clarification on the scope of the court's ruling, resulting in the following exchange:

"THE COURT: *** I am going to grant the motion to quash.

[THE STATE]: Your Honor, that would be a motion to suppress the evidence collected after the arrest, is that correct?

THE COURT: That's correct.

[THE STATE]: The evidence collected by the officer?

THE COURT: Correct."

¶ 6    After its motion to reconsider was denied, the State filed a certificate of substantial impairment and notice of appeal. In the certificate of impairment, the State averred twice that, as a result of the circuit court's suppression order, it was "unable to proceed to trial in this matter." The State also averred that the ruling "substantially impair[ed]" its ability to proceed. This court subsequently affirmed the circuit court's ruling. *People v. Motzko*, 2017 IL App (3d) 160154.

_____

[1]A thorough accounting of the evidence adduced at the hearing on defendant's motion to suppress evidence may be found in *People v. Motzko*, 2017 IL App (3d) 160154, ¶¶ 4-10.

¶ 7        On remand, the State filed a motion *in limine* to admit the records of defendant's medical treatment at the hospital following his accident. In support, the State pointed out that the court's suppression ruling suppressed only postarrest evidence and that the treatment and observations records it sought to introduce were recorded before the arrest. Defendant filed a motion to strike, arguing that the State was barred from relitigating the circuit court's suppression ruling. The circuit court agreed with defendant and struck the State's motion.

¶ 8        At a hearing on March 1, 2018, the State asked that the matter be set for trial on the DUI charge, as well as the traffic offenses. The State indicated that it intended to introduce evidence in the form of doctors' observations of defendant in the course of treatment at the hospital, as well as Bishoff's prearrest observations of defendant. The circuit court set the traffic offenses for trial, but *sua sponte* dismissed the DUI charge. The State filed a certificate of substantial impairment and a notice of appeal.

¶ 9        II. ANALYSIS

¶ 10        On appeal, the State argues that the circuit court did not have authority under section 114-1 of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) to dismiss the DUI charge. See 725 ILCS 5/114-1 (West 2014). Defendant argues that the court not only had the statutory authority to dismiss the charge but was in fact constitutionally mandated to do so.

¶ 11        At the outset, we must discuss the recent decision in *People v. Atchison*, 2019 IL App (3d) 180183. Atchison's case and defendant's case proceeded contemporaneously in the same courtroom, with the same private defense attorney and same assistant state's attorney. The record in this appeal is replete with references to Atchison's case. The facts of the two cases are substantively identical. Atchison was charged with DUI and prevailed on a motion to suppress; this court then affirmed the circuit court's suppression ruling. On remand, the circuit court

dismissed the DUI charge, despite the State's insistence that it had prearrest evidence it intended to introduce at trial.

¶ 12    The State filed its notices of appeal in these two cases simultaneously, resulting in consecutive case numbers in the appellate court—No. 3-18-0183 in *Atchison* and No. 3-18-0184 in this case. The State's argument on this appeal and defendant's counterargument are identical to those raised in *Atchison*. In short, the outcome in *Atchison* dictates the outcome in the present case. In *Atchison*, we reversed the circuit court's dismissal order, reasoning that the court had no authority to take such an action. We reach the same conclusion here.

¶ 13    In *Atchison*, this court provided a deliberate and thorough analysis, setting forth in great detail the reasoning behind our decision. *Id.* ¶¶ 12-40. Ordinarily, given the similarity of the facts and arguments in the two cases, a brief order citing to *Atchison* would be sufficient to dispose of the present case. However, in the interest of creating a comprehensive and uniform body of law, we find that a summarization of the analysis in *Atchison* may be helpful.

¶ 14    It is well settled that "the trial court is authorized to dismiss criminal charges prior to trial only for the reasons set forth in section 114-1 of the [Code of Criminal Procedure] or where there has been a clear denial of due process which prejudiced defendant." *People v. Schroeder*, 102 Ill. App. 3d 133, 135 (1981); see also *People v. Lopez*, 2015 IL App (4th) 150217, ¶ 10. The parties agree, as they did in *Atchison*, that this is the controlling principle of law.

¶ 15    Section 114-1(a) of the Code of Criminal Procedure states:

"(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

- 4 -

(1) The defendant has not been placed on trial in compliance with Section 103-5 of this Code.

(2) The prosecution of the offense is barred by Sections 3-3 through 3-8 of the Criminal Code of 2012.

(3) The defendant has received immunity from prosecution for the offense charged.

(4) The indictment was returned by a Grand Jury which was improperly selected and which results in substantial injustice to the defendant.

(5) The indictment was returned by a Grand Jury which acted contrary to Article 112 of this Code and which results in substantial injustice to the defendant.

(6) The court in which the charge has been filed does not have jurisdiction.

(7) The county is an improper place of trial.

(8) The charge does not state an offense.

(9) The indictment is based solely upon the testimony of an incompetent witness.

(10) The defendant is misnamed in the charge and the misnomer results in substantial injustice to the defendant.

(11) The requirements of Section 109-3.1 have not been complied with." 725 ILCS 5/114-1(a) (West 2014).

Defendant argues that section 3-4(a)(2) of the Criminal Code of 2012 (Criminal Code) provided the authority for the circuit court to dismiss the DUI charge. See 720 ILCS 5/3-4(a)(2) (West 2014). The section, in turn, provides:

"(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if that former prosecution:

\*\*\*

(2) was terminated by a final order or judgment, even if entered before trial, that required a determination inconsistent with any fact or legal proposition necessary to a conviction in the subsequent prosecution[.]" *Id.*

¶ 16 In *Atchison*, we explained that in determining whether a prosecution is barred by double jeopardy under section 3-4(a)(2) of the Criminal Code, "[t]he operative concern when considering the effect of a pretrial dismissal of charges is whether the dismissal is 'tantamount to an acquittal,' as opposed to a dismissal for mere technical insufficiency." *Atchison*, 2019 IL App (3d) 180183, ¶ 19 (quoting *People v. Baze*, 43 Ill. 2d 298, 300 (1969)). Thus, our task in determining whether the circuit court's dismissal in this case was authorized is to resolve whether the court's order suppressing evidence and quashing arrest can be considered "tantamount to an acquittal." *Id.* ¶ 20.

¶ 17 To be sure, the suppression of certain evidence often renders the State effectively unable to proceed, as when a seized controlled substance is suppressed in a drug case. *E.g.*, *People v. Kipfer*, 356 Ill. App. 3d 132, 143 (2005). However, the remedy of suppression of evidence is, by its very nature, a remedy that is to be applied *at trial*. See *People v. LeFlore*, 2015 IL 116799, ¶ 17. As such, our supreme court has made clear that an order suppressing evidence is an interlocutory order, rather than a final order. See Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2017); *People v. Drum*, 194 Ill. 2d 485, 488 (2000).

¶ 18 In *Atchison*, we further considered the effect, if any, of the second portion of the circuit court's order. *Atchison*, 2019 IL App (3d) 180183, ¶ 22. After all, the defendant there—as here—

moved to suppress evidence *and* quash arrest, a motion that the circuit court granted. If an order suppressing evidence is not final or tantamount to an acquittal, what of an order quashing arrest?

¶ 19 We recognize that the Fourth District has held that the quashing of an arrest is not an actual process cognizable under Illinois law. *People v. Hansen*, 2012 IL App (4th) 110603, ¶¶ 62-63; *People v. Ramirez*, 2013 IL App (4th) 121153, ¶¶ 56-61; *People v. Winchester*, 2016 IL App (4th) 140781, ¶ 30 (" 'Motion to quash arrest' is an arcane phrase that has a ring of authenticity but is actually meaningless verbiage."). In its decisions, the Fourth District has stressed that a "motion to quash arrest" does not appear anywhere in the Code of Criminal Procedure. *Ramirez*, 2013 IL App (4th) 121153, ¶ 56; see 725 ILCS 5/100-1 to 122-7 (West 2014). The Fourth District presents a compelling case that the quashing of an arrest is of no particular import, a point this court tacitly agreed with in *People v. McCottrell*, 2017 IL App (3d) 140477-U, ¶ 31.

¶ 20 Nevertheless, this case does not call on us to weigh in on the continued propriety of motions to quash arrest. Rather, we must consider whether the reasoning underlying the court's decision—the finding that Bishoff lacked probable cause to arrest—impacts the State's ability to move forward. Defendant argues that the circuit court's finding that Bishoff lacked probable cause to arrest necessarily prevents the prosecution from proceeding because there must be a valid arrest for defendant to be made to stand trial.

¶ 21 Our supreme court addressed this issue in *People v. Bliss*, 44 Ill. 2d 363 (1970). There the court held:

> "The general rule is that if a defendant is physically present before the court on an accusatory pleading, either because held in custody after arrest or because he has appeared in person after giving bail, the invalidity of the original arrest is

immaterial, even though seasonably raised, as far as the jurisdiction of the court to proceed with the case is concerned. [Citations.] Due process of law is satisfied when one present in court is convicted of crime after having been fairly apprised of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. Accordingly it is held that the power of a court to try a person for crime is not impaired by the fact that he has been brought within the court's jurisdiction by reason of a forcible abduction." *Id.* at 369.

This court recently employed that reasoning when we found that "an illegal arrest does not necessitate dismissal of the case where evidence still exists to convict defendant." *People v. Jordan*, 2016 IL App (3d) 150747-U, ¶ 23. While *Jordan* was an unpublished case, we officially adopted its analysis in *Atchison*, and reaffirm that decision here. See *Atchison*, 2019 IL App (3d) 180183, ¶ 24.

¶ 22 Since a legal arrest is not a prerequisite to prosecution, it follows that the finding that Bishoff lacked probable cause to arrest does *not* act to bar further prosecution, or as an effective dismissal of the charges. Therefore, we must reject defendant's argument that if Bishoff did not have probable cause to arrest, the State must not have had probable cause to prosecute. As implied in *Jordan*, even where an arrest is made without probable cause, the State may nevertheless have *other* evidence sufficient to convict. After all, whether Bishoff had probable cause to arrest is a question that is only concerned with "the facts known to the officer at the time of the arrest." *People v. Grant*, 2013 IL 112734, ¶ 11. The State may still introduce evidence not known to the officer at the time of the arrest.

¶ 23 As in *Atchison*, the present case illustrates the above principles. The circuit court ruled that the facts known to Bishoff at the time he arrested defendant—including his observations of

defendant, defendant's performance on the HGN test, and whatever information Bishoff gleaned from his interview of the witness—did not amount to probable cause to arrest defendant. To be sure, it follows *a fortiori* that the same evidence would be insufficient at trial. However, the State indicated that it had additional evidence to present at trial such as the records of defendant's treatment at the hospital and the observations made by doctors. Whether Bishoff's prearrest evidence *plus* the State's additional evidence is sufficient to convict is a distinct legal question, not precluded by a finding that Bishoff himself lacked probable cause.

¶ 24    The circuit court's order granting defendant's "Motion to Suppress Evidence and Quash Arrest" was thus not a final order and was not tantamount to acquittal. In turn, that order did not serve as a bar to further prosecution under section 3-4(a)(2) of the Criminal Code. Accordingly, that section did not provide the circuit court the authority to dismiss the DUI charge against defendant.

¶ 25    Having found that there was no statutory authorization for the circuit court's dismissal of the DUI charge, we must also consider whether defendant suffered "a clear denial of due process which prejudiced defendant." See *Schroeder*, 102 Ill. App. 3d at 135. Defendant, like the defendant in *Atchison*, raises two grounds on which he claims his right to due process was denied. First, he argues that "due process has been violated by the People who continued to pursue a charge that lacked any constitutional authority (probable cause)." Next, he argues that the State's filing of a "false" certificate of substantial impairment amounts to prosecutorial misconduct that, in turn, "resulted in a clear denial of due process which prejudiced the Defendant."

¶ 26    In *Atchison*, we pointed out the fatal flaw in defendant's first argument, namely, that the Illinois Constitution requires probable cause—found via indictment or preliminary hearing—

only in felony cases. Ill. Const. 1970, art. I, § 7 ("No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."); see *People v. Stavrakas*, 335 Ill. 570, 582 (1929) ("A felony, under our statutes, is an offense punishable with death or by imprisonment in the penitentiary, while every other offense is a misdemeanor."); 720 ILCS 5/2-11 (West 2014) (" 'Misdemeanor' means any offense for which a sentence to a term of imprisonment in other than a penitentiary for less than one year may be imposed."). We concluded that "neither the Illinois Constitution nor the Code [of Criminal Procedure] requires the State to demonstrate probable [cause]—either through an indictment or at a preliminary hearing—where it is prosecuting a misdemeanor charged via criminal complaint." *Atchison*, 2019 IL App (3d) 180183, ¶ 34 (citing *People v. Mitchell*, 68 Ill. App. 3d 370, 374-75 (1979)).

¶ 27    As charged in the complaint in the present case, the offense of DUI is a Class A misdemeanor. 625 ILCS 5/11-501(a)(2), (c)(1) (West 2014). Because the State was not obligated to establish probable cause to proceed on that charge, its failure to do so cannot be considered a prejudicial denial of defendant's due process rights. *Atchison*, 2019 IL App (3d) 180183, ¶ 35.

¶ 28    Finally, we follow *Atchison* in concluding that the State's filing of a "false" certificate of impairment did not amount to a prejudicial denial of defendant's due process rights. *Id.* ¶ 40. To be sure, the State's repeated assertion that it was "unable to proceed to trial" following the court's suppression ruling was inaccurate. After this court affirmed that ruling, the State indicated that it actually *could* still proceed to trial. Nevertheless, we are unable to discern any impact this inaccuracy could have had on either party. Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017) allows the State to appeal from orders suppressing evidence. While the court

- 10 -

in *People v. Young*, 82 Ill. 2d 234, 247 (1980), added the additional requirement that the State file a certificate of substantial impairment, the State asserted such an impairment in its certificate. The State's claim of inability to proceed was merely superfluous, and not necessary to secure the appeal. See *id.*

¶ 29　　In summary, we fully adopt the analysis set forth in *Atchison*, 2019 IL App (3d) 180183. We find that the circuit court did not have the statutory authority under section 114-1 of the Code of Criminal Procedure to dismiss the DUI charge against defendant. Moreover, we conclude that defendant did not suffer a prejudicial denial of his due process rights that would otherwise authorize the court to dismiss that charge. Accordingly, we reverse the court's order dismissing the DUI charge and remand for continued proceedings.

¶ 30　　　　　　　　　　　　　III. CONCLUSION

¶ 31　　The judgment of the circuit court of Peoria County is reversed and remanded for further proceedings.

¶ 32　　Reversed and remanded.

**No. 3-18-0184**

| | |
|---|---|
| **Cite as:** | *People v. Motzko*, 2019 IL App (3d) 180184 |
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 15-DT-403; the Hon. Lisa Y. Wilson, Judge, presiding. |
| **Attorneys for Appellant:** | Jerry Brady, State's Attorney, of Peoria (Patrick Delfino, David J. Robinson, and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People |
| **Attorneys for Appellee:** | Michael Doubet, of Peoria, for appellee. |